The State of Ohio, Appellee, v. Beatty, d. b. a.
Novelty Food Bar, Appellant.

(No. 4791—Decided October 14, 1952.)

*Mr. C. William O'Neill*, attorney general, *Mr. William Ammer* and *Mr. Brooke Alloway,* for appellee.
*Mr. Edmund B. Paxton,* for appellant.

Hornbeck, P. J.   This is an appeal from a judgment of the Municipal Court against the defendant in the sum of $160.27 with interest and costs.   The action was predicated upon a finding of the Industrial Commission of Ohio in favor of Joe Alexander on his claim for compensation for injuries suffered while employed by defendant in the Novelty Food Bar.

The injuries suffered were caused by a collision of another automobile with the automobile of Beatty which was being driven by Alexander upon the direction of Beatty.

The finding was predicated upon the application of Alexander, supported by his affidavit and one supporting affidavit to the effect that Alexander was regularly employed at the Novelty Food Bar.   Beatty filed a

counteraffidavit in which he denied that Alexander was in his employ at the Novelty Food Bar and averred that he was not regularly in his employ in any other capacity.

The commission made specific findings that at the time of the injury Alexander was employed by Beatty, doing business as the Novelty Food Bar; that the employer was not then a subscriber to the State Insurance Fund nor had he elected to pay compensation direct; and that applicant's injury was sustained in the course of employment and at the time and in the manner alleged in the application.

When the cause came on for trial, it developed, not only by uncontradicted testimony but by the admission of Alexander, that he was not at the time of his injury an employee of Beatty at his Novelty Food Bar. There was some question whether he was regularly employed at all but the evidence would support the finding that he was regularly employed at a rooming house and at Beatty's residence. It developed that Beatty not only operated the restaurant known as the Novelty Food Bar but also a rooming house at 195 North Hamilton avenue and at one time also was engaged in the numbers business. Beatty lived at another address. There was testimony that he had three or more employees regularly employed at the rooming house at the time of Alexander's injury, but this was denied and indefinite as to proof. It appeared further that at the time of the collision Alexander was driving Beatty's automobile for him and that it was his practice to drive it at irregular intervals for Beatty. The only testimony as to the mission of Beatty at the time of the collision was that he was on his way to a Western Union Telegraph office to receive a telegram. Upon inquiry, he said that they left on the trip, in which Alexander was injured, from 195 North Hamilton avenue,

and that his visit to the telegraph office was not in connection with any business which he conducted but was for his personal benefit.

It will be noted, from the foregoing facts, that the case which developed upon the action for judgment was entirely different from the facts as found to be true in the finding of the commission, and the facts developed at the trial as to the true place of employment of Alexander were not brought to the attention of the commission.

The question is: May we affirm the judgment upon this development? Counsel for the state urge that the Novelty Food Bar was not a corporation and that to all intents and purposes all of Beatty's operations were in his individual capacity and that, it appearing that the injury was suffered by Alexander while in the employ of Beatty at a place of business whose employees were covered by the Workmen's Compensation Act, the judgment was proper and should be supported. It is the contention of defendant that there is such variance in proof that the judgment should be reversed.

It is basic that a judgment must be predicated upon issues drawn upon the pleadings. Upon such issues here, it is clear that the judgment does not meet this test.

Counsel have afforded the court no assistance whatever by any adjudication on the question whether an application for an allowance under the Workmen's Compensation Act, based upon claim of employment in a specific business, is supported by proof of employment in some other business of the common employer. We have not found any adjudications on this specific question.

That part of Section 1465-61, General Code, applicable here reads:

2. "Every person in the service of any person * * *

employing three or more workmen * * * regularly in the same business, or in or about the same establishment under any contract of hire, expressed or implied, oral or written, * * * but not including any person whose employment is but casual and not in the usual course of trade, business, profession or occupation of his employer,'' is an employee.

The language employed connotes employment of workmen in the same business, in or about the same establishment. May it be said here that Alexander, although employed by Beatty, was regularly employed in the same business at the rooming house and Beatty's residence as he would have been had he been employed at the restaurant? We think this doubtful.

Then, too, if this judgment is affirmed it will be carried on the records of the commission as an affirmance of its specific finding which finding is not in accord with the facts.

But a more serious question as to the sufficiency of the proof to support the judgment is found in the undisputed testimony of Beatty that at the time of the collision Alexander was working for him solely in a personal relationship. Is this a showing that the injury of which complaint was made arose out of or occurred in the course of the employment of Alexander in any business or establishment which was amenable to the workmen's compensation law? This, of course, is a prerequisite to the right of the claimant to an award, and was not presented to the commission as it was developed at the trial upon its finding.

We are aware of the opinion of the Court of Appeals for Hamilton county in *Prager* v. *State, ex rel. Bettman,* 13 Ohio Law Abs., 128, in which it was held that upon determination that a judgment on a verdict of a jury supporting the finding of the commission must be set aside as against the weight of the evidence, the cause must be remanded for a new trial because of the

prima facie case made by the finding of the commission. In our judgment, that case is not controlling.

The judgment is reversed and judgment is entered for defendant.

*Judgment reversed.*

WISEMAN and MILLER, JJ., concur.